FIRST NATIONAL BANK OF NORWOOD v. EMIL CLAUSS ET AL.

1. ORDER MADE UNDER SEC. 5475 REV. STAT. TO PAY MONEY TO RECEIVER FINAL ORDER.

Where, in a proceeding before a judge of the common pleas court, under Sec. 5475 Rev. Stat., to examine a person alleged to have in his hands money belonging to the judgment debtor, an order is made directing such person to pay the money to a receiver to be held by him until the further order of the court, such order is a final order, to which error may be prosecuted by such person.

2. JUDGE ACTING UNDER SEC. 5483 REV. STAT. MAY APPOINT RECEIVER TO HOLD MONEY IN DISPUTE.

The court or judge acting under Sec. 5483 Rev. Stat. is not authorized to settle disputes between the judgment debtor and a third person, but may

appoint a receiver of the money alleged to belong to the jugdment debtor, to hold the same until such dispute is determined by a civil action.

3. COURT CANNOT IMPRISON AS FOR CONTEMPT PARTY DISOBEYING ORDER MADE. UNDER SEC. 5483 REV. STAT.

In the event the party refuses to comply with an order of the court made in pursuance of Sec. 5483 Rev. Stat. the court has no power to imprison as for contempt, but the receiver appointed to hold the fund in dispute must resort to his remedy by action against the party so refusing.

MOTION to strike petition from files.

Emil Clauss, a pawnbroker of Cincinnati, secured three judgments before a justice of the peace against William Schaller, maker, and Michael Gaeb, indorser, on promissory notes. Transcripts of the judgments were thereupon filed in the common pleas court. Michael Gaeb being execution proof, repeated attempts to collect by levy and execution were unavailing. On April 20, 1903, Emil Clauss filed an affidavit, reciting this fact and further reciting that the First National Bank of Norwood had in its possession certain property, to wit, money of said Michael Gaeb. Upon this affidavit, an order of appearance was issued and Thomas McEvilley, cashier of the First National Bank, received the same at 9:20 A. M. April 21, 1903. At that time the bank had no money in its possession belonging to Michael Gaeb, but did have an account on its books in the name of M. P. Gaeb, the said account being for money deposited with the said bank by Mrs. Pauline Gaeb, wife of Michael Gaeb, and being her own separate property. Mrs. Gaeb was and is the owner of a double store in Norwood, and conducted the business of saloon and bakery as M. P. Gaeb, and the money so deposited was in part from her rents and business. The amount in bank at the time of the service of the order, to the credit of M. P. Gaeb, was $242.02. The bank thereupon appeared and testified on April 22, that it had no account of Michael Gaeb, but did have the account of M. P. Gaeb, but had paid out on said account $240 to the depositor during banking hours, April 21, and the court showing a disposition to order the money paid the second time, as the money of Michael Gaeb, counsel for the bank secured a continuance of the hearing for further testimony until April 27, when a stenographer was called and reported that testimony.

Thereupon Thomas McEvilley, cashier of the First National Bank who testified as is shown by the record, and further offered to show that he had ascertained before he paid out the money that Michael Gaeb was authorized by his wife to sign her name as " M. P. Gaeb " to her checks and that this was her separate money, which testimony the court refused to hear. At the conclusion of his testimony, the bank then offered as a witness, Mrs. Pauline Gaeb, who would have testified, had she been per-

mitted, that the money deposited in the bank was her own money, that she had authorized her husband to sign checks for her as M. P. Gaeb, and that it was money realized from rents and from her business that she was saving to pay her Dow tax. The court refused to permit this testimony and thereupon the bank offered as a witness, Emil Clauss, to prove the fact that she did business in her own name as M. P. Gaeb in Norwood, which testimony the court refused to hear.

The court entered judgment against the First National Bank of Norwood for $242.02, and ordered that the First National Bank of Norwood pay the sum of $242.02, within five days, to Stanley V. Merrill, who was appointed receiver to receive and hold this money and to apply the same in accordance with the further order of the court. Due exceptions were taken to said rulings. The First National Bank now prosecutes error to said judgment and findings.

**Wm. R. Collins,** for plaintiff in error:

Right of trial by jury. Section 5, Art. 1, constitution of Ohio. Hunt v. McMahan, 5 Ohio 132; Willyard v. Hamilton, 7 Ohio (pt. 2) 111 [30 Am. Dec. 195]; Work v. State, 2 Ohio St. 296 [59 Am. Dec. 671]; Sovereign v. State, 4 Ohio St. 489.

Party refusing to obey order cannot be imprisoned as for contempt, but receiver must resort to his remedy against him by civil action. White v. Gates, 42 Ohio St. 109, 112; Conklin, In re, 3 Circ. Dec. 40 (5 R. 78, 84); Union Bank v. Bank, 6 Ohio St. 254; 3 Freeman, Executions (3 ed.) 411, 416, 418; Drake, Attachment C. 36; Myers v. Baltzell, 37 Pa. St. 491; Russell v. Hinton, 1 Murph. (N. C.) 468; Farmers' & Mechanics' Bank v. Little, 8 Watts & Serg. 207 [42 Am. Dec. 293]; Sheldon v. Simmons, Wright 724; Exposition Ry. & Imp. Co. v. Railway Co. 42 La. Ann. 370 [7 So. Rep. 627]; Oppenheimer v. Bank, 20 Mont. 192 [50 Pac. Rep. 419]; Coleman v. Scott, 27 Neb. 77 [42 N. W. Rep. 896]; Grace, Ex parte, 12 Iowa 208 [79 Am. Dec. 529]; Schrauth v. Bank, 86 N. Y. 390, 394.

**Rogers Wright** and **John B. O'Neal,** for defendant in error.

**PER CURIAM.**

1. Where, in a proceeding before a judge of the common pleas court, under Sec. 5475 Rev. Stat., to examine a person alleged to have in his hands money belonging to the judgment debtor, an order is made directing such person to pay the money to a receiver to be held by him until the further order of the court, such order is a final order to which error may be prosecuted by such person.

2. The court or judge acting under Sec. 5483 Rev. Stat. is not authorized to settle disputes between the judgment debtor and a third

person; but may appoint a receiver of the money alleged to belong to the judgment debtor to hold the same until such dispute is determined by a civil action. Edgarton v. Hanna, 11 Ohio St. 323.

In the event the bank refuses to comply with the order the court has no power to imprison its officers as for a contempt, but the receiver must resort to his remedy by action against the bank. White v. Gates, 42 Ohio St. 109. Every opportunity will thus be given to the bank to make such defense as it may have.

The motion to strike the petition from the files will be overruled and the judgment affirmed.